### MOWER v. ENGLIS et al.

(Supreme Court, Appellate Term, First Department. November 8, 1912.)

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Charles D. Mower against Charles M. Englis and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

John M. Gibbons, of Brooklyn (James W. Carpenter, of Brooklyn, of counsel), for appellants.

Simpson & Simpson, of New York City (Edwin M. Simpson, of New York City, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

SEABURY and BIJUR, JJ., concur.

GUY, J. (dissenting). The plaintiff, a naval architect, sues to recover the balance of the contract price for his services rendered to defendants in designing 20 one-design motor boats for the use of defendants as a committee of the Thousand Islands Yacht Club, in conjunction with subscribing members of that club, in a motor boat contest which was to be conducted by them on the St. Lawrence river during the months of June, July, and August, 1910. Plaintiff's compensation was to be 3 per cent. of the total cost of the boats. A written contract was entered into between the de-

fendants, certain members of the Yacht Club, who subscribed to meet the expenses of the contest, the engine builder, the boat builder, and the plaintiff as architect, for the building of 20 motor boats, which were to be delivered to defendants by June 1, 1910. The contract, which was signed by the plaintiff and all the other parties thereto, provides that the architect, the plaintiff, shall make the plans, specifications, and drawings; that the 20 boats shall be built according to said plans, specifications, and drawings of the architect, the defendant committee and the architect to have the sole right to accept or reject all work of the builder and engineers; and the committee agrees to co-operate with the architect in seeing that all the boats and equipment are built and delivered in conformity with the plans, specifications, and drawings. The contract also contains the following additional provision as to the architect:

"The architect agrees * * * to frequently visit the plants of the builders and engineers and carefully inspect the work, and see to it that all of the provisions of this agreement are being carefully carried out in behalf of the subscribers, and to report from time to time the progress and character of the work being done by the builders and engineers to the committee. The architect further agrees to see that all work is of the standard provided for in the specifications."

It is conceded that the plans, specifications, and drawings were properly made by the plaintiff; and the sole defense is an alleged failure on the part of the plaintiff to perform his contract in properly supervising and inspecting the work as it progressed, and reporting the progress and character of the work from time to time to the committee, so as "to see to it that all of the provisions of this agreement are being carefully carried out in behalf of the subscribers."

The evidence shows that when the boats were delivered, about July 1st, the oiling system in all but 3 of the 20 boats was so defective that the boats could not be used for the purpose intended; that the oil ran into the bottom of the boats, thus limiting the efficiency of the engines; that the engines had to be taken out, and three weeks consumed in installing a new oiling system; that the boats were so faulty in construction that they consumed, in some instances, as much as four gallons of oil in going 10 miles, when the undisputed evidence shows that a quart of oil should have been sufficient for an hour's operation of the boat; that the engines were not of the horse power provided by the contract, and that the boats were in a general way not finished in a first-class, workmanlike manner as provided by the contract. The plaintiff practically admits the defects complained of, and defendants contend that they were of such a character that they would have been easily discovered by an expert naval architect by a proper inspection.

The trial court, in the opinion filed with the decision directing judgment, goes over the evidence in detail as to the various defects, expressing his opinion that they are not very serious, but holds, as matter of law, that plaintiff's obligations were limited to

providing proper plans and specifications. In so ruling, the trial court disregards entirely the important duties of supervision, inspection, and reporting from time to time to the committee as to the character and progress of the work. It is unquestionably true, as stated by the learned trial court, that the contract did not call upon the plaintiff to "guarantee the engine builders' contract with the defendants"; but the contract did specifically require him to frequently inspect and supervise the construction of the boats, including the engines, and report during the progress of the work to the committee, "so as to see to it that all of the conditions of the agreement were being carried out" in the interest of the subscribers, who were represented by the defendant committee. Instead of faithfully performing this duty, the evidence shows that plaintiff failed to perform any efficient service of this character, failed to discover the serious defects disclosed by the evidence, or failed to report them to the defendants, if he did discover them.

It is urged by the plaintiff that, as the defendant committee had a separate guaranty on the part of the boat builders and engine builders as to the character of the work, and subsequently collected damages from the engine builders because of the alleged defects, defendants suffered no damage, and, therefore, plaintiff is entitled to recover; and the trial court in effect held that the defendants waived all nonperformance on the part of the plaintiff by accepting the boats. This, indeed, is a novel proposition. The defendants are not suing plaintiff for damages for breach of contract, but are defending on the ground that plaintiff has failed to substantially perform his contract. Plaintiff cannot recover, unless he shows substantial performance. He has failed to do so.

The subsequent payment by the engine builder of a large sum in settlement of defendants' claim of defective work but emphasizes the degree of neglect on the part of the plaintiff, as architect, in failing to report the defects to the defendants. Plaintiff was employed for the specific purpose of keeping the defendants informed as to whether the boats were being built in accordance with the contract. It is difficult to conceive of a case which would present more flagrant neglect of duty on the part of an architect and a more utter failure to perform his contract in the matter of inspection and supervision.

The judgment should be reversed, and the complaint dismissed, with costs.